UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYSON MARSHEK,

                Plaintiff,        Civil Action No. 22-11160

v.                                        Victoria A. Roberts
                                        United States District Judge

CREDIT ACCEPTANCE, *et al.*,      David R. Grand
                                          United States Magistrate Judge

                Defendants.
_____/

## REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO PROSECUTE

On May 26, 2022, *pro se* plaintiff Tyson Marshek ("Marshek") filed a complaint in this matter against defendants Credit Acceptance and Equifax Information Services, LLC. (ECF No. 1). On June 27, 2022, an "Order Directing Plaintiff to Complete Service Documents and for Service of Process by the U.S. Marshal" was issued by the Court. (ECF No. 7). In that Order, Marshek was informed that, within fourteen calendar days, he was required to complete and present to the Clerk's Office certain documents necessary to effect service in this case, including one copy of the complaint for each defendant, two USM 285 forms for each defendant, and three summonses for each defendant. (*Id.*). Marshek did not submit any of these documents in accordance with the Court's directive.

As a result, on August 26, 2022, the Court issued an order requiring Marshek to show cause why this action should not be dismissed for failure to submit the requisite service-related documents. (ECF No. 8). A response was due by September 12, 2022. To

date, however, Marshek has not filed any response to that order.

A court may dismiss an action under Fed. R. Civ. P. 41(b) when a plaintiff fails to prosecute, comply with the Federal Rules, or comply with a court order. In deciding whether to dismiss an action for these reasons, a court should consider (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the delinquent party's conduct; (3) whether the delinquent party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *See Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001). Moreover, under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court … must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Applying these principles to the instant case, the Court finds that three of the four factors weigh in favor of dismissal.[1] First, despite the Court putting Marshek on notice of his failure to complete documents necessary to effectuate service, he has failed to respond to the Court's Order to Show Cause, or to otherwise take steps to ensure that service is accomplished. While the Court does not presume this is the result of bad faith or willfulness, Marshek is clearly at fault for failing to complete and present to the Clerk's Office the documents necessary to effect service in this case.

The third and fourth factors weigh in favor of dismissal in light of the Court's Order

---

[1] The Court can find no prejudice to defendants by virtue of Marshek's failure to complete documents for service, and, thus, the second factor is not satisfied here.

to Show Cause; Marshek simply failed to respond to that order, which was issued weeks ago, and which specifically warned him that failure to comply with its terms would lead to dismissal of this action without prejudice. (ECF No. 8, PageID.16-17). Thus, Marshek has been on notice of his failure to timely complete and submit the requisite service-related documents for weeks and has taken no steps to remedy this deficiency.

Having considered the relevant factors, the Court finds it appropriate to dismiss this action pursuant to Rules 4(m) and 41(b) due to Marshek's failure to submit the requisite service-related documents, as well as his failure to comply with the Court's Order to Show Cause. Under Rule 4(m), such a dismissal should be without prejudice. Accordingly, the Court **RECOMMENDS** that Marshek's complaint be **DISMISSED WITHOUT PREJUDICE**.

Dated: September 20, 2022  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some

objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 20, 2022.

                                               s/Eddrey O. Butts
                                               EDDREY O. BUTTS
                                               Case Manager